**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

MICHAEL MOILANEN,

Debtor.

Bankruptcy Case No. 24-15123-TBM
Chapter 7

## ORDER REGARDING MOTION TO AVOID LIENS

THIS MATTER comes before the Court on an "Amended Motion to Avoid Judgment Liens of Edmundson, Inc., Denver Rock Company Distribution Center, Just Be You, Inc., Diesel Funding LLC, DBC Irrigation Supply Impairing Exempt Property Pursuant to 11 U.S.C. § 522(f)" (Docket No. 145, the "Motion") filed by the Debtor, Michael Moilanen.

## Background Facts

The Debtor filed for relief under Chapter 7 on August 30, 2024 (Docket No. 1). The case was converted to a case under Chapter 11 by Order dated October 21, 2024 (Docket No. 17) and then converted back to a case under Chapter 7 by Order dated July 31, 2025 (Docket No. 102).  On March 2, 2026, the Debtor filed the Motion, seeking to avoid liens on his primary residence located at 2131 Beechnut Place, Castle Rock, CO 80108 (the "Property").

The Debtor claims the full $250,000.00 homestead exemption (the "Homestead Exemption") on the Property pursuant to COLO. REV. STAT. § 38-41-201(1)(a) in his amended Schedule C (Docket No. 77).  The Debtor's schedules provide that the fair market value of the Property as of the petition date is $2,112,800.00.

The Property is currently encumbered by a tax lien in favor of the Douglas County Treasurer in the sum of $5,166.52 (the "Douglas County Lien") (*See* Claim No. 1-1).[1]  In addition, the Debtor represents that a first mortgage originally in favor of Mortgage Electronic Registration Systems, Inc., as Nominee for SG Capital Partners LLC dba Clearedge Lending in the amount of $1,642,493.73, was recorded in the Douglas County, Colorado, at filing no. 20201106606, and that a subsequent

---

[1] COLO. REV. STAT. § 39-1-107(2) provides that "[t]axes levied on real and personal property . . . shall be a perpetual lien thereon, and such lien shall have priority over all other liens until such taxes . . . have been paid in full."

1

assignment of the mortgage to US Bank National Association c/o Select Portfolio Servicing, Inc., was recorded at filing no. 2024009045 (the "Mortgage").

According to the Debtor, several other liens (which the Debtor seeks to avoid in this Motion) currently encumber the Property, specifically the judgment liens of:

- Edmundson, Inc., recorded October 18, 2023, in Douglas County, Colorado, under filing no. 2023044733, in the amount of $660,838.88 (the "Edmundson Lien");

- Denver Rock Company Distribution Center, recorded November 7, 2023, in Douglas County, Colorado, under filing no. 2023047516, in the amount of $763,527.55 (the "Denver Rock Lien");

- Just Be You Inc., recorded February 26, 2024, in Douglas County, Colorado, under filing no. 2024007204, in the amount of $132,826.16 (the "Just Be You Lien");

- Diesel Funding LLC, recorded April 1, 2024, in Douglas County, Colorado, under filing no. 2024012688, in the amount of $174,889.80 (the "Diesel Lien");

- DBC Irrigation Supply/Solsbury Hill LLC, recorded July 23, 2024, in Douglas County, Colorado, on July 23, 2024, under filing number 2024030358, in the amount of $471,747.78 (the "First DBC Lien");

- DBC Irrigation Supply/Solsbury Hill LLC, recorded July 23, 2024, in Douglas County, Colorado, on July 23, 2024, under filing number 2024030359, in the amount of $172,393.55 (the "Second DBC Lien").

In the Motion, the Debtor asserts that the Edmundson Lien, Denver Rock Lien, Just Be You Lien, Diesel Lien, and First and Second DBC Liens impair the Debtor's Homestead Exemption of $250,000.00, and that the liens should be avoided in their entirety pursuant to 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 4003(d).  Notice of the Motion was provided to each affected creditor.  No objections to the Motion were filed, and the Debtor filed a certificate of non-contested matter (Docket No. 152).

After reviewing the Motion, the Court has determined that the Denver Rock Lien, the Just Be You Lien, Diesel Lien and the First and Second DBC Liens impair the homestead exemption and may be avoided pursuant to 11 U.S.C. § 522(f).  The Court also finds that the Edmundson Lien only partially impairs the Debtor's homestead exemption.

## Applicable Law

Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of certain liens on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled.[2]  The most common example of such a situation involves a judicial lien affixed to a debtor's principal residence.  11 U.S.C. § 522(f)(1)(A).  In Colorado, most debtors are entitled to a homestead exemption of $250,000.00 on their primary residence.  COLO. REV. STAT. § 38-41-201(1)(a).[3]

To determine whether an exemption is impaired by a lien, 11 U.S.C. § 522(f)(2)(A) sets forth a simple math calculation: Add the (1) lien sought to be avoided, (2) all other unavoided liens on the property, and (3) the amount of the exemption the debtor could claim if there were no liens on the property.  If the sum exceeds the value of the debtor's interest in the property (in the absence of any liens), the exemption is impaired.  *Id.*  If a debtor seeks to avoid more than one lien, a lien that has been avoided shall not be considered in making the calculation with respect to other liens. 11 U.S.C. § 522(f)(2)(B).

However, the analysis does not end there.  The plain language of 11 U.S.C. § 522(f)(1) provides that a lien may only be avoided *only to the extent* that it impairs an exemption. "The excess of a judgment lien over the exemption amount logically and by definition cannot impair the exemption itself."  *In re Pearson*, 428 B.R. 533, 542 (Bankr. D. Colo. 2010).  As a result, an exemption may be wholly or partially impaired, and a judicial lien may be wholly or partially avoided.  Courts in the Tenth Circuit look to *In re Brantz*, 106 B.R. 62, 68 (Bankr. E.D. Penn. 1989) to determine the precise nature of an exemption's impairment.  *See, e.g., Pearson,* 428 B.R. at 536 (citing the United States Supreme Court's approval of the *Brantz* calculation in *Owen v. Owen*, 500 U.S. 305, 313 n.5 (1991)). The *Brantz* case undertook the following analysis:

1. Determine the value of the property to which the judicial lien(s) is attached;
2. Deduct the amount of all liens not to be avoided;
3. Deduct the debtor's applicable exemption;
4. If the result is a negative number, then judicial liens are avoided in their entirety;
5. If the result is a positive number, then judicial liens are avoided, in order of priority, *in that amount only*.

*Pearson*, 428 B.R. at 536 *(*citing *Brantz*, 106 B.R. at 68).[4] The *Brantz* opinion limited the avoidance of judicial liens to the amount such liens exceed the debtor's equity in the property after deducting the debtor's exemption and unavoidable liens.

---

[2]  As set forth in 11 U.S.C. § 522(b).

[3]  Colorado's exemption statutes are made applicable herein by 11 U.S.C. § 522(b)(3).

[4] The Debtor relies upon *Zeigler Eng'g Sales v. Cozad (In re Cozad)*, 208 B.R. 495, 498 (B.A.P. 10th Cir. 1997) to support his impairment analysis.  However, the Tenth Circuit Court of Appeals ruled that *Cozad* has been abrogated.  *William F. Sandoval Irrevocable Trust v. Mark A. Taylor (In re Taylor)*, 899 F.3d 1126, 1130 (10th Cir. 2018).  The appellate court employed an analysis similar to that used in *Brantz.  Id.*  Therefore, the Court utilizes the *Brantz* formula in its evaluation of the Motion.

## Analysis

Applying the *Brantz* calculation to the judicial liens sought to be avoided here results in the following analysis:

| | | |
|---|---|---|
| 1. | Value of the Property: | $2,112,800.00 |
| 2. | Less all other liens not to be avoided: | $1,647,660.25[5] |
| 3. | Less homestead exemption: | $ 250,000.00 |
| 4. | Total: | $ 215,139.75 |

Accordingly, the Court concludes that the Debtor is permitted to avoid the liens against the Property to the extent that they exceed $215,139.75.  This means that the Edmundson Lien may be avoided to the extent that it exceeds $215,139.75; while the other liens at issue may be avoided in their entirety.

It is, therefore,

ORDERED that the Motion is GRANTED IN PART and DENIED IN PART. Specifically, the Motion is GRANTED to the extent that the Debtor seeks to partially avoid the Edmundson Lien to the extent of $445,699.35.  It is DENIED to the extent that the Debtor seeks to avoid the rest of the Edmundson Lien as it does not impair the Debtor's homestead exemption at all.  In connection therewith, it is

FURTHER ORDERED that the judicial lien of Edmundson Inc., recorded October 18, 2023, in Douglas County, Colorado, under filing no. 2023044733, in the amount of $660,838.88 shall be PARTIALLY AVOIDED.  The lien shall NOT BE AVOIDED to the extent of $215,139.75.  The lien shall be AVOIDED to the extent of $445,699.35.  It is

FURTHER ORDERED that the judicial lien of Denver Rock Company Distribution Center, recorded November 7, 2023, in Douglas County, Colorado, under filing no. 2023047516, in the amount of $763,527.55, is hereby AVOIDED in its entirety pursuant to 11 U.S.C. § 522(f).  It is

FURTHER ORDERED that the judicial lien of Just Be You Inc., recorded February 26, 2024, in Douglas County, Colorado, under filing no. 2024007204, in the amount of $132,826.16 is hereby AVOIDED in its entirety pursuant to 11 U.S.C. § 522(f).  It is

FURTHER ORDERED that the judicial lien of Diesel Funding LLC, recorded April 1, 2024, in Douglas County, Colorado, under filing no. 2024012688, in the amount of $174,889.80 is hereby AVOIDED in its entirety pursuant to 11 U.S.C. § 522(f).  It is

---

[5] This includes the value of the Mortgage and the Douglas County Lien.

FURTHER ORDERED that the judicial liens of DBC Irrigation Supply/Solsbury Hill LLC, both recorded July 23, 2024, in Douglas County, Colorado, under filing nos. 2024030358 and 2024030359, in the amount of $471,747.78 and $172,393.55 respectively, are hereby AVOIDED in their entirety pursuant to 11 U.S.C. § 522(f).

Unless the Debtor's bankruptcy case is dismissed, the Denver Rock Lien, the Just Be You Lien, the DBC Lien, and the Diesel Lien are extinguished and the liens shall not survive bankruptcy, affix to, or remain enforceable against the above real property of the Debtor.  The judicial lien of Edmundson Inc., **to the extent of $445,699.35** is extinguished pursuant to 11 U.S.C. § 522(f), and that portion of the lien shall not survive bankruptcy, affix to, or remain enforceable against the above real property of the Debtor, unless the Debtor's bankruptcy case is dismissed.

DATED this 31st day of March, 2026.

BY THE COURT:

*Thomas B. McNamara*

Thomas B. McNamara,
United States Bankruptcy Judge

5